816 F.2d 678
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William BRIEGER, Plaintiff-Appellee,
v.
TELECTRONICS, INC., a New York corporation doing business in
Michigan, Defendant-Appellant.
 No. 86-1841.
 United States Court of Appeals, Sixth Circuit.
 April 17, 1987.
 
 Before MARTIN, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Telectronics, Inc. seeks a preliminary injunction restraining William Brieger, a fifty percent owner of Medical Devices, Inc., from selling heart pacemakers supplied by Telectronics' competitors. Telectronics argues that Brieger is precluded from making such sales by a non-competition covenant in the Sales Representative Agreements between Telectronics and Medical Devices. The district court denied Telectronics' motion for a preliminary injunction, reasoning that because Brieger had not signed the Sales Representative Agreements, he was not personally bound by the non-competition clause and it was consequently unlikely that Telectronics would prevail. Considering the nature of Telectronics' complained of injury, loss of business, and the presence of a remedy at law, money damages, we agree that a preliminary injunction is inappropriate, and consequently affirm.
 
 
 2
 Over the past twelve years Brieger has worked in Michigan for a number of companies that sell pacemakers. In 1981 Stephen Shulman and Brieger discussed the possibility of selling Telectronics' pacemakers in Michigan, and during the following year they incorporated Medical Devices, Inc. for the purpose of marketing Telectronics' pacemakers. Brieger was a fifty percent owner and one of only two corporate officers of Medical Devices. Shulman was the other owner and officer.
 
 
 3
 In 1982 Medical Devices and Telectronics entered into a Sales Representative Agreement which included a covenant precluding Medical Devices from working for a competitor in Michigan and part of Ohio for a one year period after severing its relationship with Telectronics. From 1982 until 1986, Brieger performed as a salesman for Medical Services and thus for Telectronics. In April 1986 Brieger resigned from Medical Devices and began working for Pacesetter, a competitor of Telectronics.
 
 
 4
 This action began almost a year ago, on May 9, 1986, when Brieger filed a complaint for declaratory and injunctive relief. He contended that the non-competition covenants in the Sales Representative Agreement did not apply to him. Telectronics counterclaimed and subsequently filed its motion for a preliminary injunction preventing Brieger from setting pacemakers for anyone other than Telectronics.
 
 
 5
 The district court denied the motion. The court noted that in determining the necessity of injunctive relief, it had to consider: (1) the lack of remedy at law or inappropriateness of money damages; (2) the likelihood of success on the merits; (3) any irreparable harm to the parties from the grant or denial of the injunction; (4) any harm to third parties; (5) the effect on the public interest. In re DeLorean Motor Co., 755 F.2d 1223 (6th Cir. 1985). See also State of Ohio v. NRC, et al., No. 86-4019 (6th Cir. 1987). The court then observed that Brieger never signed the Sales Representative Agreement and concluded that "there is little substance relative to the merits at this time."
 
 
 6
 Although we pass no judgment on the merits of Telectronics' claim nor on the likelihood of its intimate success, to issue an injunction would be inappropriate at this time. Telectronics' claimed injury is an economic injury-lost business-and this is just the sort of injury that the remedy of money damages is well suited to redress. Not only is another remedy available to Telectronics, but an injunction prohibiting Brieger from selling others' pacemakers could cause irreparable harm to him. His livelihood is as a salesman in the discreet market of pacemakers. It is unlikely that he would be able to use his expertise and business contacts in another way, aside from returning to Telectronics, during the application of an injunction. Moreover, it is unlikely that his returning to Telectronics in a suitable alternative considering his conflicts of interest and his criticisms to his customers of the level of the technology of Telectronics' pacemakers.
 
 
 7
 The judgment of the district court is affirmed.